UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

MOHAMED F. ALI )
 )
v. ) NO. 2:04-CV-398
 )
HOWARD CARLTON, Warden, )

**MEMORANDUM OPINION**

Mohamed F. Ali brings this *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2254, challenging the legality of his 1993 Washington County, Tennessee Criminal Court convictions for rape and attempted bribery of a witness. Petition at ¶¶ 1, 2 and 4. For these offenses, he received a fifteen-year prison sentence. *Id.* at ¶ 3

The respondent has filed a motion to dismiss, arguing that the petitioner's sentence has expired and that the petitioner, therefore cannot satisfy the "in custody" prerequisite for federal court jurisdiction. (Doc. 4). The petitioner objects to the motion. (Doc. 7). The respondent's position has merit and his motion will be granted.

I. **The Law**

A federal court is authorized to entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a state court

only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2254(a). A petitioner generally cannot challenge a conviction after his sentence has expired, because he is no longer "in custody" under that conviction. *See Maleng v. Cook*, 490 U.S. 488, 492 (1989); *Steverson v. Summers*, 258 F.3d 520, 523 (6th Cir. 2001). Though a prisoner need not be physically confined to meet the "in custody" prerequisite, *Maleng*, 490 U.S. 491, he still must show severe and immediate restraints on his individual liberty. *Hensley v. Municipal Court*, 411 U.S. 345, 351 (1973). A petitioner does not meet the "in custody" requirement merely by pointing to the collateral consequences of a conviction, such as the inability to vote, engage in certain businesses, hold public office or serve as a juror. *Maleng*, 490 U.S. at 491-92.

II. **Analysis**

This petition was filed on November 3, 2004. The respondent has submitted documents showing that, on December 4, 2002, the petitioner completed his sentence and, thereafter, was discharged from prison. (Doc. 5, Addendum No. 2, Affidavit of Roberta J. Anderson and Attachments). The petitioner does not contend to the contrary—indeed, he admits that he has completed his sentence. (Doc. 7 at 2). Nonetheless, despite the fact that his sentence has expired, he argues that he satisfies the "in custody" requirement because he must comply with the

2

provisions of Tennessee's sex offender registration law, *see* Tenn. Code. Ann. § 40-39-201 *et seq*, which compel him to register (in person, rather than by mail) with the local sheriff's department every three months and to pay a sixty-dollar ($60) fine/fee. He suggests that fulfilling these statutory requirements—perhaps for life—restrains his liberty and constitutes serious consequences arising from his alleged unconstitutional state court conviction. Another consequence, he suggests, is that he is prevented from practicing his profession as a medical doctor due to his criminal conviction.

In *Leslie v. Randle*, 296 F.3d 518 (6th Cir. 2002), the Sixth Circuit addressed similar arguments with respect to Ohio's sexual-offender registration law. The Ohio statute, like the Tennessee law, requires a sexual predator to register with the county sheriff and to provide certain specified information. The Sixth Circuit concluded that compliance with those requirements amounted to collateral consequences of the petitioner's criminal conviction, but did not impose the kind of severe restraints on his liberty which would satisfy the "in custody" prerequisites of § 2254. *Id.* at 521-23. Moreover, the negative collateral consequences which stem from the petitioner's criminal conviction (including the effect his conviction has on his ability to practice medicine), cannot create jurisdiction under § 2254

where he was not in custody when the petition was filed. *Maleng*, 490 U.S. at 491-92.

Accordingly, based on *Maleng*, *Leslie* and other cases cited in that opinion, *see e.g., McNab v. Kok*, 170 F.3d 1246, 1247 (9th Cir. 1999), the Court finds that the petitioner is no longer "in custody" on the 1993 convictions due to Tennessee's sex-offender law or to his inability to engage in the practice of medicine; that he was not "in custody" at the time this petition was filed; and that this Court lacks subject matter jurisdiction over his habeas corpus petition attacking that conviction. *Maleng*, 490 U.S. at 492; *Leslie*, 296 F.3d at 521-23; and *Steverson*, 258 F.3d at 523. These findings are unaffected by the fact that the petitioner is not permitted to register as a sex offender by using the mail. *See Henry v. Lungren*, 164 F.3d 1240, 1241-42 (9th Cir.1999) (holding that a mandatory sex offender registration requirement, *even if required to be done at the police station*, does not constitute the type of severe, immediate restraint on physical liberty necessary for finding that a petitioner is in custody) (italics added).

### III. **Conclusion**

Therefore, because the petitioner filed his application for a writ of habeas corpus some two years after the expiration of his sentence, when he was no longer "in custody" under § 2254, the respondent's motion to dismiss will be granted.

4

A separate order will enter dismissing this petition.

ENTER:

                                              s/Thomas Gray Hull
                                              THOMAS GRAY HULL
                                                SENIOR U. S. DISTRICT JUDGE